**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SUZI S., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | **REPORT AND RECOMMENDATION** <br><br> Case No.: 2:19-cv-00020-TC-EJF <br><br> Judge Tena Campbell <br><br> Magistrate Judge Evelyn J. Furse |

Plaintiff Suzi S.,[1] pursuant to 42 U.S.C. § 1383(c)(3), seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act (Act), see 42 U.S.C. §§ 1381–1383f.  The Administrative Law Judge ("ALJ") determined that Ms. S. did not qualify as disabled within the meaning of the Act.  (ECF No. 8, the certified copy of the transcript of the entire record of the administrative proceedings relating to Ms. S. (hereafter "Tr. __") 55.)  After careful review of the entire record and the parties' briefs, the undersigned[2] RECOMMENDS that the District Judge REMAND the Commissioner's decision for further proceedings because the ALJ did not provide sufficient analysis of his reasons for according physician testimony the weight he did.

---

[1] Pursuant to best practices adopted in the District of Utah addressing privacy concerns in certain cases, including social security cases, the undersigned will refer to the Plaintiff by her first name and last initial only.

[2] On June 7, 2019, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 18.)

This failing makes reviewing the ALJ's opinion for compliance with the correct legal standards impossible.

## STANDARD OF REVIEW

42 U.S.C. § 1383(c)(3) provides for judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA"). The Court reviews the Commissioner's decision to determine whether the record as a whole contains substantial evidence in support of the Commissioner's factual findings and whether the SSA applied the correct legal standards. 42 U.S.C. §405(g); Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The Commissioner's findings shall stand if supported by substantial evidence. 42 U.S.C. § 1383(c)(3); Biestek v. Berryhill, 587 U.S. __, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)).

The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." Biestek, 139 S. Ct. at 1154. Substantial evidence "is more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994).[3] "Evidence is not substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion." Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988) (quoting Fulton v. Heckler, 760 F.2d 1052, 1055 (10th Cir. 1985)). Moreover, "[a] finding of 'no

---

[3] Courts apply the same analysis in determining disability under Title II and Title XVI. See House v. Astrue, 500 F.3d 741, 742 n.2 (8th Cir. 2007).

substantial evidence' will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992) (quoting Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Although the reviewing court considers "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases," the court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's," Lax, 489 F.3d at 1084 (quoting Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005)), but "review only the sufficiency of the evidence," Oldham v. Astrue, 509 F.3d 1254, 1257 (10th Cir. 2007) (emphasis in original).  The court does not have to accept the Commissioner's findings mechanically but will "examine the record as a whole, including whatever in the record fairly detracts from the weight of the [Commissioner's] decision and, on that basis, determine if the substantiality of the evidence test has been met." Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800–01 (10th Cir. 1991)).  " 'The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence,' " and the court may not " 'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.' " Lax, 489 F.3d at 1084 (quoting Zoltanski v. FAA, 372 F.3d 1195, 1200 (10th Cir. 2004)).

In addition to a lack of substantial evidence, the Court may reverse where the Commission uses the wrong legal standards, or the Commissioner fails to demonstrate reliance on the correct legal standards.  See Glass v. Shalala, 43 F.3d 1392, 1395 (10th

3

Cir. 1994); Thomson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993); Andrade v. Sec'y of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993).

## APPLICABLE LAW AND SEQUENTIAL EVALUATION PROCESS

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). Moreover, the Act considers an individual disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B).

In determining whether a claimant qualifies as disabled within the meaning of the Act, the SSA employs a five-part sequential evaluation. See 20 C.F.R. § 416.920; Williams v. Bowen, 844 F.2d 748, 750-53 (10th Cir. 1988); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The five-step process requires the ALJ to consider whether:

(1) The claimant presently engages in substantial gainful activity;

(2) The claimant has a medically severe physical or mental impairment or impairments;

(3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;

(4) The impairment prevents the claimant from performing his or her past work; and

(5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

See 20 C.F.R. § 416.920.  The claimant has the initial burden of establishing the disability in the first four steps.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other work existing in the national economy.  Id.

## DISCUSSION

**I.    Background**

In March 2015, Ms. S. applied for benefits alleging disability beginning June 2014, due to diabetes, chronic kidney and liver disease, visual impairment, mental illness, and edema (Tr. 153-55).

After a hearing (Tr. 63-130), the ALJ issued a December 2017 decision finding Ms. S. not disabled (Tr. 47-55).  As relevant here, the ALJ found Ms. S. had severe impairments (kidney disease, diabetes, retinopathy, hepatitis C, an anxiety disorder, post-traumatic stress disorder, an affective disorder, and bipolar disorder), but her medical conditions did not meet or equal the criteria of the disabling impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1 (Tr. 49-50).  The ALJ next determined that Ms. S. retained the residual functional capacity ("RFC") to perform a reduced range of light work (Tr. 50-53):

> She can lift and carry 20 pounds on an occasional basis and 10 pounds on a frequent basis.  She can sit and stand for 6 total hours during an 8-hour workday.  She can frequently reach bilaterally, including overhead reaching.  She can frequently handle, finger and feel bilaterally.  She can frequently climb ramps or stairs, but should never climb ladders, ropes or scaffolds.  She can frequently balance, stoop and kneel and she can occasionally crouch and crawl.  She should avoid even moderate exposure to hazards, such as machinery and unprotected heights.  She is able to interact with supervisors and coworkers, but should have only brief and superficial interactive contact with the public.

(Tr. 50.) Considering this RFC, and consistent with vocational expert testimony, the ALJ found that Ms. S. could not perform her past relevant work as a massage therapist (Tr. 54). However, the ALJ found a significant number of other jobs existed nationally that she could perform (Tr. 54). Therefore, the ALJ concluded that Ms. S. did not qualify as disabled under the Act (Tr. 55).

Ms. S. submitted additional evidence about her eye impairments after the ALJ issued his decision. (Tr. 131-149; Pl. Br. 5.) Ms. S. sought review, and the Appeals Council then denied Ms. S.'s request (Tr. 1-4), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 422.210(a).[4] This appeal followed.

## II. Analysis

On appeal, Ms. S. alleges the ALJ erred as a matter of law by improperly assigning weight to the opinions of plaintiff's treating physicians and state agency physicians, by failing to find vision limitations in her residual functional capacity, and by finding that she had past relevant work as a massage therapist (Pl. Br. 1-2).[5]

---

[4] The agency significantly amended the regulations governing medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (final rules). However, because Plaintiff filed her application in 2015, the prior regulations and Social Security Rulings (SSRs) control.

[5] By addressing only these points of alleged error in her opening brief, Ms. S. waived any additional challenges to the ALJ's decision. See Anderson v. Dep't of Labor, 422 F.3d 1155, 1182 n.51 (10th Cir. 2005) (failing to raise appeal issues in opening brief waives those points because doing so deprives the opponent of the opportunity to address the arguments).

### A. The ALJ failed to provide sufficient reasons assigning little weight to treating physician Dr. Ralph Gant.

Ms. S. argues that the ALJ erred in assigning little weight to the opinion of her treating physician, psychologist Dr. Ralph Gant. Dr. Gant diagnosed Ms. S. with major depressive disorder, panic disorder, agoraphobia, and post-traumatic stress disorder and opined that she could not maintain employment for the foreseeable future.

An ALJ must evaluate every medical opinion. 20 C.F.R. § 416.927(c). If the ALJ finds a treating physician's opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [] not inconsistent with the other substantial evidence in [the] case record," the ALJ must give the opinion controlling weight. 20 C.F.R. § 416.927(c)(2). When the ALJ does not give a treating physician's opinion controlling weight, the ALJ must consider certain factors. 20 C.F.R. § 416.927(c) provides these factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

See Watkins v. Barnhart, 350 F.3d 1297, 1300–01 (10th Cir. 2003) (quoting Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001)).

In the case of Ms. S., the ALJ did not discuss whether clinical diagnostic techniques supported Dr. Gant's opinion. (Tr. 53.) Skipping that step, the ALJ assigned Dr. Gant's opinion "little weight because the medical record, outlined above, does not demonstrate that the claimant is disabled because of her mental impairments." (Tr. 53.)

7

Despite this statement, the ALJ does not point out any specific inconsistencies that the undersigned could review as support for his decision.  In looking at the ALJ's outlining of the medical record prior, the ALJ cites to a minimal amount of the information contained in Dr. Gant's records, failing to address his findings that Ms. S. has a history of explosive behavior and difficulty with authority.  (Tr. 991-94, 1001.)  The ALJ does not address Dr. Gant's records that catalog Ms. S. as having panic attacks two to three times a week, with one of her triggers being men, or Ms. S.'s agoraphobic avoidance behavior.  (Id.)  Instead, the ALJ simply catalogs a number of places where records reflect Ms. S. has a normal affect.  (Tr. 52.)  "It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."  Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004).

The ALJ also identifies Dr. Gant's opining on the ultimate issue of ability to work as support for the little weight he accords Dr. Gant's opinion.  (Tr. 53.)  Determinations of disability are administrative findings reserved for the Commissioner, 20 C.F.R. § 416.927(d)(1)-(3), but the inclusion of such an opinion does not provide a basis to discount the other opinions stated.  The ALJ does not appear to have weighed Dr. Gant's medical opinions using the factors listed above and does not provide good reasons for the weight he ultimately assigned.  The ALJ did not offer sufficient explanation for the weight he gave to Dr. Gant's treating source opinion, and the undersigned cannot "meaningfully review" the ALJ's decision without this information.  Watkins, 350 F.3d at 1301.

### B. The ALJ committed harmless error in failing to address Dr. June Steeley's opinion.

Ms. S. further argues that the ALJ erred by not considering the opinion of Dr. June Steeley, who plaintiff indicates opined that Ms. S. could not work (Pl. Br. 17-18). The Commissioner admits that the ALJ did not address Dr. Steeley's opinion (Def. Br. 11). However, the Commissioner correctly asserts that the medical records in question do not support Ms. S.'s case—the form completed by Dr. Steeley asks, "Does the impairment prevent the patient from working at all, in any occupation?" (Tr. 542.) Dr. Steeley checked the box marked "no" in response to this question, indicating that Ms. S.'s diabetic condition does not prevent her from working (Id.). If the ALJ had evaluated this opinion, it would not have advanced Ms. S.'s case. See Keyes-Zachary v. Astrue, 695 F.3d 1156, 1163 (10th Cir. 2012) ("There is no reason to believe that a further analysis or weighing of this opinion could advance [plaintiff's] claim of disability. The alleged error is harmless.") Therefore, even with the ALJ's failure to address Dr. Steeley's opinion, that error constitutes harmless error.

### C. The ALJ erred in failing to provide sufficient reasons for assigning great weight to the agency physicians.

Again, with the agency physicians, the ALJ relies on their consistency with his recitation of the record facts. (Tr. 53.) However, as noted, the ALJ's recitation of the record is inadequate and does not provide any insight into why he thinks it supports the agency physicians' opinions as to the RFC.

For example, Ms. S. asserts, and the Commissioner agrees, that she received treatment during the relevant period for both proliferative retinopathy and macular edema (Pl. Br. 5; Def. Br. 12). The ALJ acknowledges the retinopathy is a severe

9

impairment but never provides any analysis of how it affects Ms. S.'s ability to work. (Tr. 49.) He never addresses the macular edema. While the Commissioner gives reasons the ALJ may have found those impairments did not disable Ms. S., the ALJ provides no analysis regarding the effect of Ms. S.'s eye difficulties on her RFC. (Def. Br. 12-14; Tr. 50-53.) "The court may not supply possible reasons for assigning the weight the ALJ did and may only evaluate the ALJ's decision on the stated reasons." Robinson v. Barnhart, 366 F.3d 1078, 1084-85 (10th Cir. 2004). Without an explanation from the ALJ about why he credits the agency physicians' RFCs, the undersigned cannot determine whether the ALJ applied the correct legal standard. Watkins, 350 F.3d at 1301 ("[W]e cannot meaningfully review the ALJ's determination absent findings explaining the weight assigned to the treating physician's opinion.").

      Furthermore, Ms. S. contends that the issue is not merely one of eyesight but also one of downtime and pain from the treatment of these conditions. (Pl. Br. 20-21.) Indeed, the records submitted after the ALJ hearing further support Ms. S.'s testimony about the effects of her eye difficulties. (Tr. 141-149 (sudden loss of vision due to vitreous hemorrhage and subsequent months follow up and monthly treatment records), 97 (testimony about vitreous hemorrhage), 98-99 (testimony about monthly eye injections).) Indeed, she had been part of a scientific study for her macular edema and retinopathy, and her exit exam indicates that her retinopathy needs to be followed closely. (Tr. 132-33.) The ALJ provides only a conclusory assertion in support of his decision to credit the agency physicians' opinions on Ms. S.'s RFC. Furthermore, the Vocational Expert testified that if Ms. S. is off task for even 9% of the time (just less than two days per month), no jobs exist for Ms. S. in the national economy. (Tr. 123-24.)

Therefore, the ALJ's failure to include any analysis about why he credits the state agency physicians with respect to Ms. S.'s RFC is not harmless.

The ALJ does note that nothing in the record contradicts the agency physicians' finding that Ms. S. does not meet or equal a listing. Ms. S. does not suggest otherwise. Therefore, the ALJ's according that portion of their opinions great weight does not present an error.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned RECOMMENDS the District Judge REMAND this matter to the Commissioner for further proceedings because the ALJ failed to give good reasons for the weight ascribed to Dr. Gant's opinion and the agency physicians' opinions. Because the undersigned recommends remand on these fronts, the undersigned does not address the other points of error.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court further notifies the parties that they must file any objection to this Report and Recommendation within fourteen (14) days of service. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 11th day of March, 2020.

_____
Evelyn J. Furse
United States Magistrate Judge